## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| Melissa Scott,<br><br>               Plaintiff,<br><br>– against–<br><br><br>Southwest Credit,<br><br>               Defendant(s). | Civil Action No.<br><br><br><br>**COMPLAINT** |

### COMPLAINT

Plaintiff, Melissa Scott (hereinafter "Plaintiff"), by and through her attorneys, Garibian Law Offices, P.C., by way of Complaint against Defendants, Southwest Credit, alleges as follows:

### INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter the "FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

### PARTIES

2. Plaintiff, Melissa Scott, is an adult citizen of the State of Delaware.

3. Defendant, Southwest Credit ("SWC"), is a business entity that is regularly engaged in the business of collecting debts in Delaware, with its principal place

1

of business located at 4120 International Pkwy, Suite 1100, Carrollton, TX 75007. The principal business purpose of SWC is the collection of debts using the mails and telephone, and SWC regularly attempts to collect debts alleged to be due to another.

4. SWC is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

## JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1331. Federal question jurisdiction arises pursuant to 15 U.S.C. § 1692.

7. Venue is proper in Delaware pursuant to 15 U.S.C. § 1391(b)(2), because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in Delaware.

## FACTUAL ALLEGATIONS

8. SWC attempted to collect a debt allegedly owed by Plaintiff relating to consumer purchases allegedly owed to AT&T Mobility ("AT&T").

9. The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes and constitutes a "debt" for purposes of 15 U.S.C. § 1692a(5).

10. On June 25, 2016, Plaintiff received a dunning letter from SWC regarding a debt with a balance of $2,158.72 owed to AT&T. This letter is attached herein as <u>Exhibit A</u>.

11. However, Plaintiff never opened any account(s) with AT&T and does not have any active debts with this entity.

12. Thereafter, because Plaintiff continued to receive dunning letters and collection calls regarding this debt, she notified Southwest that it was contacting the wrong individual.

13. The dunning letters and collection calls made Plaintiff were false representations of the debt because as explained above, Plaintiff never maintained any accounts with AT&T.

14. SWC knew or should have known that its actions violated the FDCPA. Additionally, SWC could have acted in compliance with the FDCPA, but failed to do so.

15. SWC failed to adequately review its actions to ensure compliance with the FDCPA.

16. At all times pertinent hereto, Defendant acted by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of Defendant.

17. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

### **CLAIM FOR RELIEF**
(Fair Debt Collection Practices Act)

18. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

19. The above contacts between SWC and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

20. FDCPA 15 U.S.C. § 1692e(10) prohibits any false, misleading, or deceptive representation or means in connection with the collection of a debt.

21. FDCPA 15 U.S.C. § 1692e(2)(a) prohibits the false representation of the character, amount or legal status of any debt.

22. FDCPA 15 U.S.C. § 1692f(1) prohibits the use of unfair or unconscionable practices to collect a debt, including collection of any amount not authorized by the contract or law.

23. SWC violated the FDCPA by falsely and deceptively attempting to collect a debt from Plaintiff that was never owed.

24. SWC knew or should have known that its actions violated the FDCPA. Additionally, SWC could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the FDCPA.

25. As a result of the above violations of the FDCPA, SWC is liable to Plaintiff for actual damages, statutory damages, attorney's fees and costs.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands that judgment in the sum of $12,000.00 be entered against Defendants as follows:

(a) That judgment be entered against SWC for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

(b) That judgment be entered against SWC for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(c) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

(d) That the Court grant such other and further relief as may be just and proper.

Respectfully Submitted,

**GARIBIAN LAW OFFICES, P.C.**

/s/ Antranig Garibian
Antranig Garibian, Esquire (Bar No. 4962)
1010 N. Bancroft Parkway, Suite 22
Wilmington, DE 19805
(302) 722-6885
ag@garibianlaw.com
*Counsel for Plaintiff*